UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTOPHER KERRIGAN,

    Petitioner,

v.

DAVID E. ORTIZ,

    Respondent.

Civil Action
No. 21-1027 (CPO)

**OPINION & ORDER**

O'HEARN, United States District Judge:

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Upon the Court's review of this matter, it appears that Petitioner has not signed his Petition. (ECF No. 1, at 10; ECF No. 1-2, at 5.) Federal Rule of Civil Procedure 11(a) provides: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." As Petitioner has failed to sign his Petition, the Court will administratively terminate this matter. *E.g., Abdalla v. Deo*, No. 18-17077, 2019 WL 1440493, at *1 (D.N.J. Mar. 29, 2019).

Additionally, it appears that Petitioner's fiancée, Michelle Getlin, has prepared the Petition and is attempting to pursue this case on Petitioner's behalf. To the extent she is attempting to represent her fiancé's interests, Ms. Getlin, as a layperson,[1] cannot represent another party or file documents on Petitioner's behalf. *See, e.g., Schlemmer v. Cent. Intelligence Agency*, 804 F. App'x 127, 128 n.2 (3d Cir. 2020) (explaining that a "non-attorney cannot represent another party").

To the extent Ms. Getlin seeks to file these documents as Petitioner's "next friend," she has not established next friend standing. Pursuant to the next friend doctrine, a party may have

---

[1] Ms. Getlin does not appear on the State of New Jersey's attorney index.

standing "to file and pursue a claim in court on behalf of someone who is unable to do so on his[] own." *See, e.g.*, *Burton v. United States*, No. 20-5322, 2020 WL 2899496, at *1 (D.N.J. June 3, 2020) (internal quotation marks omitted). To pursue a case as a next friend, the proposed next friend: (1) "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) must have "some significant relationship with the real party in interest" and be "truly dedicated to the best interests" of that party. *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). The proposed next friend has the burden "to clearly . . . establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.*

With those principles in mind, Ms. Getlin, as Petitioner's fiancée, may satisfy the second prong of next friend standing. She fails, however, to demonstrate why Petitioner "cannot appear on his own behalf to prosecute the action." *Whitmore*, 495 U.S. at 163–64. Ms. Getlin has not alleged "that Petitioner does not have access to the Court [or] is incompetent to file his own petition." *Burton*, 2020 WL 2899496, at *2.

Ms. Getlin does allege that Petitioner was in quarantine at some point in January of 2021, for contracting COVID-19, (ECF No. 1-2, at 2), but she does not allege that Petitioner was unable to file legal documents. Indeed, throughout the pandemic, this Court has received and continues to receive, legal documents on a daily basis from prisoners at Federal Correctional Institution, Fort Dix, pursuing their cases. Many of these cases are COVID-19 related and seek similar relief. Accordingly, Ms. Getlin has failed to establish standing to bring this Petition as a next friend.

Furthermore, the Third Circuit has held that a "non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer*, 804 F. App'x at 128. As a result, Ms. Getlin, as a layperson, cannot pursue this case as a next friend without retaining an attorney. "In other words,

Petitioner can appear on his own behalf. . . [,] with an attorney to represent him," or with a next friend who has retained an attorney. *Burton*, 2020 WL 2899496, at *1. For all of those reasons, the Court will deny Ms. Getlin's request to pursue this case as Petitioner's next friend.

Petitioner may reopen this matter if he timely submits a signed Petition, on his own behalf. Alternatively, Ms. Getlin may reopen this matter if she retains an attorney and files a counseled motion to proceed as Petitioner's next friend. Accordingly,

IT IS, on this 1st day of December 2021,

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter; and it is further

**ORDERED** that to the extent Petitioner's fiancée, Ms. Getlin, requests to pursue this matter as Petitioner's next friend, that request is DENIED WITHOUT PREJUDICE, Ms. Getlin may renew her request by hiring an attorney and filing a counseled motion to proceed as next friend within thirty (30) days from the date of entry of this Opinion and Order; and it is further

**ORDERED** that alternatively, Petitioner has thirty (30) days from the date of entry of this Opinion and Order to submit a signed Petition on his own behalf; and it is further

**ORDERED** that failure to comply with this Opinion and Order may result in dismissal of this matter for lack of prosecution; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order on Petitioner by regular mail.

/s Christine P. O'Hearn
CHRISTINE P. O'HEARN
United States District Judge